1   Christopher Kao (SBN 237716)
      christopher.kao@pillsburylaw.com
2   David J. Tsai (SBN 244479)
      david.tsai@pillsburylaw.com
3   Brock S. Weber (SBN 261383)
      brock.weber@pillsburylaw.com
4   **PILLSBURY WINTHROP SHAW PITTMAN LLP**
    Four Embarcadero Center, 22nd Floor
5   San Francisco, CA  94111-5998
    Telephone:     415.983.1000
6   Facsimile:     415.983.1200
7
    James Chang (SBN 271864)
8      james.chang@pillsburylaw.com
    **PILLSBURY WINTHROP SHAW PITTMAN LLP**
9   725 South Figueroa Street, Suite 2800
    Los Angeles, CA  90017-5406
10  Telephone:     (213) 488-7100
    Facsimile:     (213) 629-1033
11
12  Attorneys for Defendants
    LITE-ON SINGAPORE PTE. LTD.,
13  LITE-ON TECHNOLOGY CORPORATION,
    LITE-ON TRADING USA, INC.
14
15
16                  **UNITED STATES DISTRICT COURT**
17                  **NORTHERN DISTRICT OF CALIFORNIA**
18

19  DARFON ELECTRONICS CORP.,
    a Taiwanese corporation,
20
21              Plaintiffs,
22          vs.
23  LITE-ON SINGAPORE PTE. LTD.,
    a Singaporean company, LITE-ON
24  TECHNOLOGY CORPORATION, a Taiwanese
    corporation, LITE-ON TRADING USA, INC.,
25  a California corporation, and SILITEK
    ELECTRONICS (DONGGUAN) CO., LTD.,
26  a Chinese company,
27              Defendants.
28

Case No. 4:18-CV-03598-HSG

**LITE-ON SINGAPORE PTE. LTD.,
LITE-ON TECHNOLOGY
CORPORATION, AND LITE-ON
TRADING USA, INC.'S NOTICE OF
MOTION AND MOTION FOR LEAVE
TO FILE AN AMENDED
COUNTERCLAIM**

Date:          February 21, 2019
Time:          2:00 p.m.
CrtRm:         2

Judge:  Honorable Haywood S. Gilliam, Jr.

1

**NOTICE OF MOTION**

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that, on February 21, 2019 at 2:00 p.m., or as soon as the matter

4

may be heard in Courtroom 2 of the above-entitled court located at the Oakland Courthouse, 4th

5

Floor, 1301 Clay Street, Oakland, CA 94612, Defendants Lite-On Singapore PTE. Ltd., Lite-On

6

Technology Corporation and Lite-On Trading USA, Inc. ("Lite-On") will and hereby do move this

7

Court for leave to file an amended counterclaim against Plaintiff Darfon Electronics Corp. ("Darfon"

8

or "Plaintiff").

9

Lite-On's counterclaims would not significantly affect scheduling in this case, because the

10

Initial Case Management Conference just occurred on November 6, 2018, and the case is still in its

11

beginning stages.   Moreover, through the amendment, Lite-On merely seeks to add a single

12

counterclaim for patent infringement of a patent owned by Lite-On.  The subject matter of the patent

13

is nearly identical to the subject matter of the patents already in the litigation.  Because leave should

14

be freely given to amend pleadings, the Court should allow Lite-On to amend its counterclaims to add

15

the cause of action.

16

**MEMORANDUM OF POINTS AND AUTHORITIES**

17

**I.      BACKGROUND**

18

Darfon filed its action against Lite-On for infringement of U.S. Patent Nos. 6,054,939 ("the '939

19

Patent"); 6,538,222 ("the '222 Patent"); 6,633,012 ("the '012 Patent"); 6,860,612 ("the '612 Patent");

20

8,253,598 ("the '598 Patent"); and 9,875,864 ("the '864 Patent") (collectively the "Patents-in-Suit") on

21

June 15, 2018. Dkt. 1. Lite-On filed its Answer and Counterclaims on August 3, 2018.  Dkt. 29.  Darfon

22

filed its Answer to Lite-On's Counterclaims on August 24, 2018.  Dkt. 37.

23

On October 30, 2018, Lite-On informed Darfon that it intended to amend its counterclaims to

24

add a counterclaim for infringement of U.S. Patent No. 9,697,965 ("the '965 Patent"), and Lite-On

25

sent Darfon a copy of the proposed amended counterclaims the next day.  On November 5, 2018,

26

Darfon informed Lite-On that it would not stipulate to allowing Lite-On to amend its claims.

27

This lawsuit is still in its early stages.   The Court just held the Initial Case Management

28

Conference on November 6, 2018, and discovery has not yet begun.

## II.      LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides that the Court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ Proc. 15.  The five factors the Court must consider in determining whether to allow an amendment are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015).  The Court weighs prejudice to the opposing party most heavily.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).  *See also Gonzalez v. Experian Info. Sols., Inc.*, No. 16-CV-05678-HSG, 2017 WL 363268, at *1 (N.D. Cal. Jan. 25, 2017).

## III.      ARGUMENT

In this case, each of the relevant factors favors allowing Lite-On to amend its counterclaims at this early stage of the proceeding.

### A.      Darfon Would Not Be Prejudiced By The Amendment.

Given the early stage of this case, there will be no prejudice to Darfon if Lite-On is allowed to amend its counterclaims to add a single claim of patent infringement.  The Court just held the Initial Case Management Conference in the case on November 6, 2018, and set the case schedule.  If amendment is allowed promptly, no change to this schedule will be required.

No discovery has been propounded by either party at this point, the claim construction hearing in the case is not set until August 2, 2019, plenty of time for the parties to consider and brief claim construction issues with respect to one additional patent, and fact discovery does not close until October 18, 2019, nearly one year from now.  Moreover, the subject matter of the proposed counterclaim patent, the '965 Patent, is related to the subject matter of the six patents already asserted by Darfon in this case.  All of the patents relate to the physical operation and structure of computer keyboards.

Accordingly, there would be no prejudice to Darfon if Lite-On is allowed to add a counterclaim patent to the case right now.[1]  In fact, this Court has noted that patent litigation cases are "still relatively early in the litigation" even three days before Opening Claim Construction Briefs are due.  *See Microsoft Corp. v. TiVo, Inc.*, No. 10-CV-00240-LHK, 2011 WL 570157, at *2 (N.D. Cal. Feb. 14, 2011) (allowing amendment of counterclaims to add claim of patent infringement three days prior to opening claim construction briefs).  Comparatively, that deadline is still over seven months away in this case, and it would not need to change if Lite-On's amendment is allowed promptly.

**B.      Lite-On Is Not Attempting to Amended Its Counterclaims In Bad Faith And There Is No Undue Delay.**

In addition, the amendment is not being made in bad faith, and Lite-On has not unreasonably delayed in seeking leave to amend.  Lite-On's claim seeks to resolve a genuine dispute as to infringement of the '965 Patent, which is its right.  And Lite-On informed Darfon of its intent to amend its counterclaims promptly after it completed its investigation into Darfon's infringement of the '965 Patent and made the decision to pursue a claim.  This notification occurred before the Initial Case Management Conference in the case and just one and a half months after Lite-On would have been entitled to amend its counterclaims as a matter of right.[2]  *See Fed. R. Civ. Proc.* 15(a)(1)(B).  Thus, Lite-On has plainly acted in good faith and without any undue delay.

**C.      This is the First Amendment of Lite-On's Counterclaims, and It Would Not Be Futile.**

The remaining factors also favor allowing Lite-On's amendment of its counterclaims because the amendment is Lite-On's first amendment of its pleading and it would not be futile.  These factors are less of an issue in the instant case than a case where movant is attempting to amend claims to address a deficiency in the original pleading.  Here, the amendment is being made to add a new claim that was not previously at issue, not to remediate an existing claim.

---

[1]  A copy of Lite-On's proposed first amended counterclaims is attached as Exhibit A to this Motion. A redline between Lite-On's prior counterclaims (which were filed in conjunction with its Answer) and its proposed first amended counterclaims is attached as Exhibit B.

[2]  Defendant Silitek Electronics (Dongguan) Co. Ltd. has not even been served in this case.  Nor did Plaintiff attempt to serve Silitek until October 11, 2018, less than a month before the CMC.  *See* Joint CMC Statement (Dkt. No. 42).

---

IV.    CONCLUSION

For the foregoing reasons, the Court should grant Lite-On's Motion for Leave to Amend its

Counterclaims.

Dated:  November 9, 2018                          PILLSBURY WINTHROP SHAW PITTMAN LLP


                                                  _/s/ Christopher Kao_____
                                                  Christopher Kao

                                                  Attorneys for Defendants
                                                  LITE-ON SINGAPORE PTE. LTD.,
                                                  LITE-ON TECHNOLOGY CORPORATION,
                                                  LITE-ON TRADING USA, INC.


**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 9, 2018, the foregoing document was

electronically filed with the Clerk of the Court for the UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA, using Court's Electronic Case Filing (ECF) system.  The

ECF system routinely sends a "Notice of Electronic Filing" to all counsel of record who have

consented to accept this notice as service of this document by electronic means.   Any party not

receiving the Court's electronic notification will be sent a copy of the foregoing document.


                                                  _/s/ Christopher Kao_____
                                                  Christopher Kao