# EXHIBIT A

Christopher Kao (SBN 237716)
 christopher.kao@pillsburylaw.com
David J. Tsai (SBN 244479)
 david.tsai@pillsburylaw.com
Brock S. Weber (SBN 261383)
 brock.weber@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111-5998
Telephone:     415.983.1000
Facsimile:     415.983.1200

James Chang (SBN 271864)
 james.chang@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone:     (213) 488-7100
Facsimile:     (213) 629-1033

Attorneys for Defendants and Counterclaim-Plaintiffs
LITE-ON SINGAPORE PTE. LTD.,
LITE-ON TECHNOLOGY CORPORATION,
LITE-ON TRADING USA, INC.,
LITE-ON ELECTRONICS (GUANGZHOU) LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

DARFON ELECTRONICS CORP.,
a Taiwanese corporation,

             Plaintiffs,

        vs.

LITE-ON SINGAPORE PTE. LTD., a
Singaporean company, LITE-ON TECHNOLOGY
CORPORATION, a Taiwanese corporation, LITE-
ON TRADING USA, INC., a California
corporation, and SILITEK ELECTRONICS
(DONGGUAN) CO., LTD., a Chinese company,

             Defendants.

Case No. 4:18-CV-03598-HSG

**LITE-ON SINGAPORE PTE. LTD.,
LITE-ON TECHNOLOGY
CORPORATION, LITE-ON TRADING
USA, INC., AND LITE-ON
ELECTRONICS (GUANGZHOU)
LTD.'S, FIRST AMENDED
COUNTERCLAIMS TO DARFON
ELECTRONICS CORP.'S
COMPLAINT**

Honorable Haywood S. Gilliam, Jr.

1  LITE-ON SINGAPORE PTE. LTD., a
   Singaporean company, LITE-ON TECHNOLOGY
2  CORPORATION, a Taiwanese corporation, LITE-
   ON TRADING USA, INC., a California
3  corporation, and LITE-ON ELECTRONICS
   (GUANGZHOU) LTD., a Chinese company
4
5              Counterclaim-Plaintiffs,

6       vs.

7  DARFON ELECTRONICS CORP.,
   a Taiwanese corporation, and DARFON
8  AMERICA CORP., a California Corporation.
              Counterclaim-Defendants.
9

10      Defendants and Counterclaim-Plaintiffs Lite-On Singapore, LTC, and Lite-On Trading, and

11  Counterclaim-Plaintiff only Lite-On Guangzhou (collectively, the "Lite-On Counterclaim-Plaintiffs"),

12  by and through their counsel of record, assert the following First Amended Counterclaims against

13  Plaintiff and Counterclaim-Defendant Darfon Electronics Corp. and Counterclaim-Defendant Darfon

14  America Corp. (collectively "Darfon"), and allege as follows:

15                    **NATURE AND BASIS OF ACTION**

16      1.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

17  2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq.,* in which Lite-On Singapore, LTC, and

18  Lite-On Trading ("Lite-On Defendants") request declarations that: (i) they do not infringe any valid,

19  enforceable claim of U.S. Patent No. 6,054,939 ("the '939 Patent"); U.S. Patent No. 6,538,222 ("the

20  '222 Patent"); U.S. Patent No. 6,633,012 ("the '012 Patent"); U.S. Patent No. 6,860,612 ("the '612

21  Patent"); U.S. Patent No. 8,253,598 ("the '598 Patent"); or U.S. Patent No. 9,875,864 ("the '864

22  Patent") and (ii) the claims of the '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent; and

23  '864 Patent are invalid.

24      2.      This is also an action arising under the United States Patent Act, in which LTC and

25  Lite-On Guangzhou allege that Darfon has infringed U.S. Patent No. 9,697,965 ("the '965 Patent").

26                         **THE PARTIES**

27      3.      Darfon Electronics Corp. is a Taiwan corporation located at No. 167, Shanying Road,

28  Guishan District, Taoyuan City 333, Taiwan, R.O.C.

---

Defendants' First Amended Counterclaims          2          Case No. 18-cv-3598-HSG

4.      Darfon America Corp. is a California corporation located at 103A Pioneer Way, Mountain View, CA 94041.

5.      Lite-On Singapore Pte. Ltd. ("Lite-On Singapore") is a Singaporean company located at 22, Sin Ming Lane #03-83, Midview City, Singapore, 573969.

6.      Lite-On Technology Corporation ("LTC") is a Taiwanese corporation located at 392 Ruey Kwang Road, Neihu, Taipei, Taiwan, R.O.C. 114.

7.      Lite-On Trading USA, Inc. ("Lite-On Trading") is a California corporation located at 720 S. Hillview Drive, Milpitas, California, 95035.

8.      Lite-On Electronics (Guangzhou) Limited ("Lite-On Guangzhou") is a Chinese company located at No. 25, Guangpu West Road, Guangzhou Science Park, Guangzhou High and New Technology Industry Development Zone, Guangzhou, China, P.R.C.

## JURISDICTION AND VENUE

9.      These Counterclaims arise partially under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the United States Patent laws, 35 U.S.C. § 101 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.  This Court has personal jurisdiction over Darfon because, among other reasons, (i) Darfon Electronics Corp. brought suit alleging infringement of '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent; and '864 Patent in this District and (ii) Darfon America Corp. is incorporated in California and has a principal place of business in this District.

10.      Darfon is also subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute due at least to its substantial business conducted in this forum, directly and/or through intermediaries, including (i) having solicited business in the State of California and in this District, transacted business within the State of California and in this District, and attempting to derive financial benefit from residents of the State of California and this District, including benefits directly related to the patent infringement claims set forth herein; (ii) having placed its products and services into the stream of commerce throughout the United States and having been actively engaged in transacting business in California and in this District; and (iii) either alone or in conjunction with others, having committed acts of infringement within California and in

4825-3119-2185

this District, as, on information and belief, Darfon, directly and/or through intermediaries, has advertised (including through websites), offered to sell, sold and/or distributed infringing products, and/or has induced the sale and use of infringing products in the United States and in California and in this District.  Further, Darfon has, directly or through its distribution network, purposefully and voluntarily placed such products in the stream of commerce knowing and expecting them to be purchased and used by consumers in California and in this District.  Darfon has either committed direct infringement in California or committed indirect infringement based on acts of direct infringement in California and in this District.  In addition, on information and belief, Darfon is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in California and in this District.

11.     On information and belief, Darfon does one or more of the following with the keyboards used in laptop computers that embody Lite-On's patented technology: (a) make these devices in the United States for sale to customers, including customers in California; (b) import these devices into the United States for sale to consumers, including consumers in California; (c) sell them or offer them for sale in the United States, including to customers in California; and/or (d) sell them to customers who incorporate them into products that such customers import, sell, or offer for sale in the United States, including in California.

12.     Thus, Darfon has purposefully availed itself of the benefits of doing business in the State of California.  Darfon Electronics Corp. has also purposefully availed itself of the benefits of the State of California by filing this lawsuit (Case No. 4:18-CV-03598-HSG) in this Court.  The exercise of jurisdiction over Darfon would not offend traditional notions of fair play and substantial justice.

13.     Venue is appropriate pursuant to 28 U.S.C. § 1391(b)-(c) because Darfon Electronics Corp. brought its Complaint for infringement of the '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent; and '864 Patent in this Court and because Darfon America Corp. resides in this District.

## FACTUAL ALLEGATIONS

14.     Upon information and belief, Darfon Electronics Corp. purports to be the owner by assignment of the '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent; and '864 Patent.

4825-3119-2185

15.     The Lite-On Defendants do not infringe directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent; or '864 Patent.

16.     Upon information and belief, all claims of the '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent; and '864 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

17.     LTC and Lite-On Guangzhou are owners of all rights, title, and interest in and to U.S. Patent No. 9,697,965 titled "Key Structure With Reduced Resonant Noise," including all rights to sue and recover for past and future infringement.  The '965 Patent was duly and legally issued by the United States Patent and Trademark Office on July 4, 2017.  A true and correct copy of the '965 Patent is included as Exhibit A to this First Amended Counterclaim.

18.     On October 31, 2018, counsel for LTC and Lite-On Guangzhou sent counsel for Darfon a copy of these First Amended Counterclaims informing them of their infringement of the '965 Patent. Darfon is on notice no later than October 31, 2018, of: (i) the '965 Patent and (ii) its infringement of one or more claims of the '965 Patent.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '939 Patent)

19.     The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 18 of these Counterclaims as if fully set forth herein.

20.     An actual controversy has arisen and exists between Darfon Electronics Corp. ("Darfon Electronics") and the Lite-On Defendants regarding non-infringement of the '939 Patent because Darfon Electronics asserts in its Complaint that the Lite-On Defendants infringed the '939 Patent.

21.     The Lite-On Defendants have not infringed, directly, contributorily, or by inducement, any valid, enforceable, properly construed claim of the '939 Patent, either literally or under the doctrine of equivalents.

22.     The Lite-On Defendants are entitled to a declaratory judgment that they have not infringed, and are not infringing, any valid, enforceable, properly construed claim of the '939 Patent.

4825-3119-2185

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '939 Patent)**

23.     The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 18 of these Counterclaims as if fully set forth herein.

24.     An actual controversy has arisen and exists between Darfon Electronics and the Lite-On Defendants regarding invalidity of the claims of the '939 Patent because Darfon Electronics asserted in its Complaint that the Lite-On Defendants infringe the patent, and that the patent was duly granted.

25.     One or more claims of the '939 Patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.  Particularly, to the extent that any features of the accused products infringe claims of the '939 Patent, on information and belief, those claims are invalid at least as to lacking novelty and/or being obvious over the prior art that contained similar features, as well as related prior art, for non-enablement, for indefiniteness, and for lack of adequate written description.  The Lite-On Defendants reserve the right to amend, supplement, and add further prior art references and invalidity contentions pursuant to the local rules.

26.     The Lite-On Defendants are entitled to a declaratory judgment that the claims of the '939 Patent are invalid.

**THIRD COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '222 Patent)**

27.     The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 18 of these Counterclaims as if fully set forth herein.

28.     An actual controversy has arisen and exists between Darfon Electronics and the Lite-On Defendants regarding non-infringement of the '222 Patent because Darfon Electronics asserts in its Complaint that the Lite-On Defendants infringed the '222 Patent.

29.     The Lite-On Defendants have not infringed, directly, contributorily, or by inducement, any valid, enforceable, properly construed claim of the '222 Patent, either literally or under the doctrine of equivalents.

4825-3119-2185

30.     The Lite-On Defendants are entitled to a declaratory judgment that they have not infringed, and are not infringing, any valid, enforceable, properly construed claim of the '222 Patent.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '222 Patent)

31.     The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 18 of these Counterclaims as if fully set forth herein.

32.     An actual controversy has arisen and exists between Darfon Electronics and the Lite-On Defendants regarding invalidity of the claims of the '222 Patent because Darfon Electronics asserted in its Complaint that the Lite-On Defendants infringe the patent, and that the patent was duly granted.

33.     One or more claims of the '222 Patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.  Particularly, to the extent that any features of the accused products infringe claims of the '222 Patent, on information and belief, those claims are invalid at least as to lacking novelty and/or being obvious over the prior art that contained similar features, as well as related prior art, for non-enablement, for indefiniteness, and for lack of adequate written description.  The Lite-On Defendants reserve the right to amend, supplement, and add further prior art references and invalidity contentions pursuant to the local rules.

34.     The Lite-On Defendants are entitled to a declaratory judgment that the claims of the '222 Patent are invalid.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '012 Patent)

35.     The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 18 of these Counterclaims as if fully set forth herein.

36.     An actual controversy has arisen and exists between Darfon Electronics and the Lite-On Defendants regarding non-infringement of the '012 Patent because Darfon Electronics asserts in its Complaint that the Lite-On Defendants infringed the '012 Patent.

37.     The Lite-On Defendants have not infringed, directly, contributorily, or by inducement, any valid, enforceable, properly construed claim of the '012 Patent, either literally or under the doctrine of equivalents.

38.     The Lite-On Defendants are entitled to a declaratory judgment that they have not infringed, and are not infringing, any valid, enforceable, properly construed claim of the '012 Patent.

<u>**SIXTH COUNTERCLAIM**</u>

**(Declaratory Judgment of Invalidity of the '012 Patent)**

39.     The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 18 of these Counterclaims as if fully set forth herein.

40.     An actual controversy has arisen and exists between Darfon Electronics and the Lite-On Defendants regarding invalidity of the claims of the '012 Patent because Darfon Electronics asserted in its Complaint that the Lite-On Defendants infringe the patent, and that the patent was duly granted.

41.     One or more claims of the '012 Patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.  Particularly, to the extent that any features of the accused products infringe claims of the '012 Patent, on information and belief, those claims are invalid at least as to lacking novelty and/or being obvious over the prior art that contained similar features, as well as related prior art, for non-enablement, for indefiniteness, and for lack of adequate written description.  The Lite-On Defendants reserve the right to amend, supplement, and add further prior art references and invalidity contentions pursuant to the local rules.

42.     The Lite-On Defendants are entitled to a declaratory judgment that the claims of the '012 Patent are invalid.

<u>**SEVENTH COUNTERCLAIM**</u>

**(Declaratory Judgment of Non-Infringement of the '612 Patent)**

43.     The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 18 of these Counterclaims as if fully set forth herein.

44.     An actual controversy has arisen and exists between Darfon Electronics and the Lite-On Defendants regarding non-infringement of the '612 Patent because Darfon Electronics asserts in its Complaint that the Lite-On Defendants infringed the '612 Patent.

45.     The Lite-On Defendants have not infringed, directly, contributorily, or by inducement, any valid, enforceable, properly construed claim of the '612 Patent, either literally or under the doctrine of equivalents.

46.     The Lite-On Defendants are entitled to a declaratory judgment that they have not infringed, and are not infringing, any valid, enforceable, properly construed claim of the '612 Patent.

### EIGHTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '612 Patent)**

47.     The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 18 of these Counterclaims as if fully set forth herein.

48.     An actual controversy has arisen and exists between Darfon Electronics and the Lite-On Defendants regarding invalidity of the claims of the '612 Patent because Darfon Electronics asserted in its Complaint that the Lite-On Defendants infringe the patent, and that the patent was duly granted.

49.     One or more claims of the '612 Patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.  Particularly, to the extent that any features of the accused products infringe claims of the '612 Patent, on information and belief, those claims are invalid at least as to lacking novelty and/or being obvious over the prior art that contained similar features, as well as related prior art, for non-enablement, for indefiniteness, and for lack of adequate written description.  The Lite-On Defendants reserve the right to amend, supplement, and add further prior art references and invalidity contentions pursuant to the local rules.

50.     The Lite-On Defendants are entitled to a declaratory judgment that the claims of the '612 Patent are invalid.

4825-3119-2185

## NINTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '598 Patent)

51.     The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 18 of these Counterclaims as if fully set forth herein.

52.     An actual controversy has arisen and exists between Darfon Electronics and the Lite-On Defendants regarding non-infringement of the '598 Patent because Darfon Electronics asserts in its Complaint that the Lite-On Defendants infringed the '598 Patent.

53.     The Lite-On Defendants have not infringed, directly, contributorily, or by inducement, any valid, enforceable, properly construed claim of the '598 Patent, either literally or under the doctrine of equivalents.

54.     The Lite-On Defendants are entitled to a declaratory judgment that they have not infringed, and are not infringing, any valid, enforceable, properly construed claim of the '598 Patent.

## TENTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '598 Patent)

55.     The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 18 of these Counterclaims as if fully set forth herein.

56.     An actual controversy has arisen and exists between Darfon Electronics and the Lite-On Defendants regarding invalidity of the claims of the '598 Patent because Darfon Electronics asserted in its Complaint that the Lite-On Defendants infringe the patent, and that the patent was duly granted.

57.     One or more claims of the '598 Patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.  Particularly, to the extent that any features of the accused products infringe claims of the '598 Patent, on information and belief, those claims are invalid at least as to lacking novelty and/or being obvious over the prior art that contained similar features, as well as related prior art, for non-enablement, for indefiniteness, and for lack of adequate written description.  The Lite-On Defendants reserve the right to amend, supplement, and add further prior art references and invalidity contentions pursuant to the local rules.

58.    The Lite-On Defendants are entitled to a declaratory judgment that the claims of the '598 Patent are invalid.

## ELEVENTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '864 Patent)

59.    The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 18 of these Counterclaims as if fully set forth herein.

60.    An actual controversy has arisen and exists between Darfon Electronics and the Lite-On Defendants regarding non-infringement of the '864 Patent because Darfon Electronics asserts in its Complaint that the Lite-On Defendants infringed the '864 Patent.

61.    The Lite-On Defendants have not infringed, directly, contributorily, or by inducement, any valid, enforceable, properly construed claim of the '864 Patent, either literally or under the doctrine of equivalents.

62.    The Lite-On Defendants are entitled to a declaratory judgment that they have not infringed, and are not infringing, any valid, enforceable, properly construed claim of the '864 Patent.

## TWELFTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '864 Patent)

63.    The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 18 of these Counterclaims as if fully set forth herein.

64.    An actual controversy has arisen and exists between Darfon Electronics and the Lite-On Defendants regarding invalidity of the claims of the '864 Patent because Darfon Electronics asserted in its Complaint that the Lite-On Defendants infringe the patent, and that the patent was duly granted.

65.    One or more claims of the '864 Patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.  Particularly, to the extent that any features of the accused products infringe claims of the '864 Patent, on information and belief, those claims are invalid at least as to lacking novelty and/or being obvious over the prior art that contained similar features, as well as related prior art, for non-enablement, for indefiniteness, and

4825-3119-2185

for lack of adequate written description.  The Lite-On Defendants reserve the right to amend, supplement, and add further prior art references and invalidity contentions pursuant to the local rules.

66.    The Lite-On Defendants are entitled to a declaratory judgment that the claims of the '864 Patent are invalid.

## THIRTEENTH COUNTERCLAIM

### (Infringement of the '965 Patent)

67.    The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 18 of these Counterclaims as if fully set forth herein.

68.    Darfon makes, uses, offers for sale, sells, and/or imports in the United States products and/or services that have infringed and continue to infringe one or more claims of the '965 Patent, including but not limited to Claims 1, 2, 3, 7, 9, 11, and 12, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents.  Darfon's infringing products include, for example and without limitation, all versions and variations, including predecessor and successor models, of the following computer keyboards of Darfon: NSK-BYBBN 01 (part number 9Z.NDRBN.B01, and incorporated, for example, in Lenovo ideapad 520 laptop computers); NSK-LKDBC 01 (part number 0D19TR, and incorporated, for example, in Dell Latitude 14 5000 series laptop computers); NSK-EJASC 01 (part number 05XVF4); NSK-WK2SQ 01 (part number 9Z.NDXSQ.201, and incorporated, for example, in ASUS laptop computers), and any other similar products that infringe at least one claim of the '965 Patent.  Darfon's infringing products are collectively referred to hereinafter as "the '965 Accused Products."

69.    The '965 Accused Products are covered by one or more claims of the '965 Patent, including at least Claims 1, 2, 3, 7, 9, 11, and 12, because they contain each element of those claims.

70.    By way of example, Darfon's NSK-EJASC 01 infringes Claim 1 of the '965 Patent because it is a key structure:



71.     Darfon's NSK-EJASC 01 key structure has a base plate, formed with a first supporting portion and a second supporting portion:



72.     Darfon's NSK-EJASC 01 key structure also has a conductive film layer, disposed on the base plate:



73. Darfon's NSK-EJASC 01 key structure also has an elastic conducting element, disposed on the conductive film layer:



74. Darfon's NSK-EJASC 01 key structure also has a linking rod, arranged above the base plate, the linking rod having a main portion, a first arm connected to one end of the main portion and a second arm connected to the other end of the main portion, a bottom end of the first arm pivotally connected to the first supporting portion, a bottom end of the second arm pivotally connected to the second supporting portion:

75. Darfon's NSK-EJASC 01 key structure also has a keycap, arranged above the linking rod, a bottom of the keycap pivotally connected to the main portion of the linking rod, the keycap having two short side walls respectively approximated to the first and second arms, and two long side walls parallel the main portion of the linking rod:



76.     Darfon's NSK-EJASC 01 key structure also has a base plate that has a plurality of first openings and second openings, the first openings arranged underneath the short side walls of the keycap and on an outer side of the first and second supporting portions, the second openings arranged parallel to and underneath the long side walls of the keycap, thereby the first and second openings decrease a resonant effect of clapping sounds in the keycap when the keycap are pressed against the conductive film layer.



77.     By way of another example, Darfon's NSK-WK2SQ 01 infringes Claim 1 of the '965 Patent because it is a key structure:

---



78.     Darfon's NSK-WK2SQ 01 key structure also has a base plate, formed with a first supporting portion and a second supporting portion:



79.     Darfon's NSK-WK2SQ 01 key structure also has a conductive film layer, disposed on the base plate:



80.     Darfon's NSK-WK2SQ 01 key structure also has an elastic conducting element, disposed on the conductive film layer:



elastic conducting element

conductive film layer

81.     Darfon's NSK-WK2SQ 01 key structure also has a linking rod, arranged above the base plate, the linking rod having a main portion, a first arm connected to one end of the main portion and a second arm connected to the other end of the main portion, a bottom end of the first arm pivotally connected to the first supporting portion, a bottom end of the second arm pivotally connected to the second supporting portion:



linking rod

82.     Darfon's NSK-WK2SQ 01 key structure also has a keycap, arranged above the linking rod, a bottom of the keycap pivotally connected to the main portion of the linking rod, the keycap having two short side walls respectively approximated to the first and second arms, and two long side walls parallel the main portion of the linking rod:



83. Darfon's NSK-WK2SQ 01 key structure also has a base plate that has a plurality of first openings and second openings, the first openings arranged underneath the short side walls of the keycap and on an outer side of the first and second supporting portions, the second openings arranged parallel to and underneath the long side walls of the keycap, thereby the first and second openings decrease a resonant effect of clapping sounds in the keycap when the keycap are pressed against the conductive film layer:



84. By making, using, offering for sale, selling, and/or importing the '965 Accused Products that infringe the '965 Patent, Darfon is liable to LTC and Lite-On Guangzhou for direct infringement of the '965 Patent pursuant to 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents.

85.     In addition, on information and belief, Darfon has induced and continues to induce infringement of one more claims of the '965 Patent, including but not limited to Claims 1, 2, 3, 7, 9, 11, and 12, pursuant to 35 U.S.C. § 271(b), by encouraging third parties such as users, customers (e.g., ASUS, Lenovo, and Dell), distributors, wholesalers, retailers, affiliates, parents, subsidiaries, importers, or sellers to make, use, offer to sell, sell, and/or import into the United States without authorization the '965 Accused Products.  The making, using, offering to sell, selling, and/or importing into the United States constitutes direct infringement, literally or under the doctrine of equivalents, of one or more claims of the '965 Patent by such third parties.  Darfon's acts of inducement include: providing the '965 Accused Products or components thereof to third parties and intending them to make, use, offer to sell, sell, and/or import the '965 Accused Products; advertising the '965 Accused Products in the United States and encouraging the sale and offer for sale of the '965 Accused Products by other entities (for example, http://www.darfon.com/English/HID.asp) and encouraging third parties to communicate directly with Darfon's representatives and providing information about the '965 Accused Products for purposes of technical assistance, design, replacement, sales, and marketing of the '965 Accused Products (for example, http://www.darfon.com/English/hid_ContactWindow.asp#).

86.     Upon information and belief, Darfon is fully aware that its customers such as ASUS, Dell and Lenovo promote and sell laptop computers incorporating the '965 Accused Products in the United States.

87.     Darfon has and continues to proceed in this manner despite knowledge of the '965 Patent and their knowledge that specific actions they actively induced and continue to actively induce on the part of third parties constitute infringement of the '965 Patent.  Darfon had knowledge of the '965 Patent no later than October 31, 2018.

88.     LTC and Lite-On Guangzhou have suffered and continue to suffer damages and irreparable harm as a result of Darfon's infringement of the '965 Patent.

89.     Darfon's infringement of the '965 Patent has been and continues to be willful, deliberate, and in disregard of LTC and Lite-On Guangzhou's patent rights.  Darfon had knowledge of the '965 Patent and the infringement of the '965 Patent no later than October 31, 2018, and has proceeded to infringe the '965 Patent with full knowledge of that patent and its applicability to

Darfon's products.  Darfon's intentional, knowing, egregious, culpable, willful, wanton, malicious, bad faith, deliberate, consciously wrongful, and/or flagrant infringement entitles LTC and Lite-On Guangzhou to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, the Lite-On Counterclaim-Plaintiffs pray for entry of judgment in its favor as follows:

A.     That the Court declare that the Lite-On Defendants and the accused products do not infringe the '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent; or '864 Patent, either literally or under the doctrine of equivalents, and that the Lite-On Defendants have not actively induced or contributed to the infringement of the '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent; or '864 Patent;

B.     That the Court declare that the claims of the '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent; or '864 Patent are invalid;

C.     That Darfon has infringed and continues to infringe one or more claims of the '965 Patent;

D.     That Darfon has induced infringement and continues to induce infringement of one or more claims of the '965 Patent;

E.     That Darfon willfully infringed one or more claims of the '965 Patent;

F.     That Darfon be permanently enjoined from infringing the '965 Patent;

G.     That LTC and Lite-On Guangzhou be awarded all damages adequate to compensate for Darfon's infringement, and in no event less than a reasonable royalty for Darfon's infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

G.     That LTC and Lite-On Guangzhou be awarded treble damages pursuant to 35 U.S.C. § 284 as a result of Darfon's willful conduct;

H.     That the Court declare this an exceptional case under 35 U.S.C. § 285 and award the Lite-On Counterclaim-Plaintiffs attorneys' fees and costs of suit; and

1        I.     That the Lite-On Counterclaim-Plaintiffs receive such other and further relief as the

2  Court deems just and proper.

3                         **JURY TRIAL DEMAND**

4        The Lite-On Counterclaim-Plaintiffs respectfully demand a trial by jury on all issues and

5  claims so triable.

Dated:  November 9, 2018            PILLSBURY WINTHROP SHAW PITTMAN LLP

                                             _/s/ Christopher Kao_

                        By:   Christopher Kao

                            Attorneys for Defendants and Counterclaimants
                            LITE-ON SINGAPORE PTE. LTD.,
                            LITE-ON TECHNOLOGY CORPORATION,
                            LITE-ON TRADING USA, INC.
                            LITE-ON ELECTRONICS (GUANGZHOU) LTD.

4825-3119-2185