# EXHIBIT B

Christopher Kao (SBN 237716)
 christopher.kao@pillsburylaw.com
David J. Tsai (SBN 244479)
 david.tsai@pillsburylaw.com
Brock S. Weber (SBN 261383)
 brock.weber@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111-5998
Telephone:     415.983.1000
Facsimile:     415.983.1200

James Chang (SBN 271864)
 james.chang@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone:     (213) 488-7100
Facsimile:     (213) 629-1033

Attorneys for Defendants and Counterclaim-Plaintiffs
LITE-ON SINGAPORE PTE. LTD.,
LITE-ON TECHNOLOGY CORPORATION,
LITE-ON TRADING USA, INC.,
LITE-ON ELECTRONICS (GUANGZHOU) LTD.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARFON ELECTRONICS CORP., a Taiwanese corporation,<br><br>    Plaintiffs,<br><br>    vs.<br><br>LITE-ON SINGAPORE PTE. LTD., a Singaporean company, LITE-ON TECHNOLOGY CORPORATION, a Taiwanese corporation, LITE-ON TRADING USA, INC., a California corporation, and SILITEK ELECTRONICS (DONGGUAN) CO., LTD., a Chinese company, | Case No. 4:18-CV-03598-HSG<br><br>**LITE-ON SINGAPORE PTE. LTD., LITE-ON TECHNOLOGY CORPORATION, AND LITE-ON TRADING USA, INC.'S, ANSWER AND, AND LITE-ON ELECTRONICS (GUANGZHOU) LTD.'S, FIRST AMENDED COUNTERCLAIMS TO DARFON ELECTRONICS CORP.'S COMPLAINT** |

| | |
|---|---|
| Defendants. | Honorable Haywood S. Gilliam, Jr. |

LITE-ON SINGAPORE PTE. LTD., a
Singaporean company, LITE-ON TECHNOLOGY
CORPORATION, a Taiwanese corporation, LITE-
ON TRADING USA, INC., a California
corporation, and LITE-ON ELECTRONICS
(GUANGZHOU) LTD., a Chinese company

           Counterclaim-Plaintiffs,

      vs.

DARFON ELECTRONICS CORP.,
a Taiwanese corporation, and DARFON
AMERICA CORP., a California Corporation.

           Counterclaim-Defendants.

1       Defendants Lite-On Singapore Pte. Ltd. ("Lite-On Singapore"), Lite-On Technology

2    Corporation ("LTC"), and Lite-On Trading USA, Inc. ("Lite-On Trading") (collectively referred to

3    herein as the "Lite-On Defendants")[1], by and through their undersigned counsel, hereby submit this

4    Answer in response to the Complaint (D.I. 1) ("Complaint") filed by Plaintiff Darfon Electronics

5    Corp. ("Darfon"). To the extent not specifically admitted herein, the allegations of the Complaint

6    are denied.

7                    **RESPONSE TO PARTIES**

8       1. In response to Paragraph 1 of the Complaint, the Lite-On Defendants admit the allegations

9    of Paragraph 1.

10      2. In response to Paragraph 2 of the Complaint, the Lite-On Defendants are without sufficient

11   knowledge of the allegations and on that basis deny them.

12      3. In response to Paragraph 3 of the Complaint, the Lite-On Defendants admit the allegations

13   of Paragraph 3.

14      4. In response to Paragraph 4 of the Complaint, the Lite-On Defendants admit the allegations

15   of Paragraph 4.

16      5. In response to Paragraph 5 of the Complaint, the Lite-On Defendants admit the allegations

17   of Paragraph 5.

18      6. In response to Paragraph 6 of the Complaint, the Lite-On Defendants admit the allegations

19   of Paragraph 6.

20      7. In response to Paragraph 7 of the Complaint, the Lite-On Defendants admit that Lite-On

21   Singapore and Lite-On Trading are subsidiaries of LTC. Each of the Lite-On Defendants answer

22   Darfon's Complaint on behalf of only themselves, as provided herein. The Lite-On Defendants deny

23   the remaining allegations of Paragraph 7.

24      8. Paragraph 8 states legal conclusions to which no response is required. To the extent a

25   response is required, the Lite-On Defendants admit that this action purports to arise under the patent

26

27   [1] The undersigned do not represent Defendant Silitek Electronics (Dongguan) Co., Ltd. To the best

28   of the Lite-On Defendants' knowledge, Silitek has not been served with the Complaint in this case.

laws of the United States.  The Lite-On Defendants further admit that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  The Lite-On Defendants deny that they have committed any acts of direct or indirect infringement, and any remaining allegations of Paragraph 8.

9. Paragraph 9 states legal conclusions to which no response is required.  To the extent a response is required, Lite-On Trading does not contest that the Court has personal jurisdiction over it for purposes of this action only.  Lite-On Singapore denies that personal jurisdiction exists over it.  LTC denies that personal jurisdiction exists over it.  The Lite-On Defendants deny that they have committed any acts of direct or indirect infringement, and any remaining allegations of Paragraph 9.

10. Paragraph 10 states legal conclusions to which no response is required.  To the extent a response is required, the Lite-On Defendants deny that they have committed any acts of direct or indirect infringement, and any remaining allegations of Paragraph 10.

11. Paragraph 11 states legal conclusions to which no response is required.  To the extent a response is required, the Lite-On Defendants deny that they have committed any acts of direct or indirect infringement, and any remaining allegations of Paragraph 11.

12. Paragraph 12 states legal conclusions to which no response is required.  To the extent a response is required, the Lite-On Defendants admit the allegations of Paragraph 12.

**RESPONSE TO INTRADISTRICT ASSIGNMENT**

13. Paragraph 13 states legal conclusions to which no response is required.  To the extent a response is required, the Lite-On Defendants admit the allegations of paragraph 13.

**RESPONSE TO BACKGROUND**

14. In response to Paragraph 14 of the Complaint, the Lite-On Defendants admit that Darfon purports to be the owner by assignment of U.S. Patent No. 6,054,939 ("the '939 Patent") and that a copy of the patent appears to be attached as Exhibit A to the Complaint.  The Lite-On Defendants deny the remaining allegations of Paragraph 14 of the Complaint.

15. In response to Paragraph 15 of the Complaint, Lite-On Defendants are without sufficient knowledge of the allegations and on that basis deny them.

4825-3119-2185

16. In response to Paragraph 16 of the Complaint, the Lite-On Defendants admit that U.S. Patent No. 6,467,683 and U.S. Patent No. 6,542,355 appear to cite to the '939 Patent. The Lite-On Defendants also admit that U.S. Patent No. 6,467,683 appears to have issued prior to November 4, 2002. The Lite-On Defendants deny the remaining allegations of Paragraph 16 of the Complaint.

17. In response to Paragraph 17 of the Complaint, LTC admits that it received a letter dated October 25, 2017 from Darfon referencing the '939 Patent. LTC denies the remaining allegations of Paragraph 17. Lite-On Singapore is without sufficient knowledge of the allegations of Paragraph 17 and on that basis denies them. Lite-On Trading is without sufficient knowledge of the allegations of Paragraph 17 and on that basis denies them.

18. In response to Paragraph 18 of the Complaint, the Lite-On Defendants admit that Darfon purports to be the owner by assignment of U.S. Patent No. 6,538,222 ("the '222 Patent") and that a copy of the patent appears to be attached as Exhibit B to the Complaint. The Lite-On Defendants deny the remaining allegations of Paragraph 18 of the Complaint.

19. In response to Paragraph 19 of the Complaint, the Lite-On Defendants admit that a document appearing to be an Ex Parte Reexamination Certificate for the '222 Patent appears to be attached as Exhibit C to the Complaint. The Lite-On Defendants deny the remaining allegations of Paragraph 19 of the Complaint.

20. In response to Paragraph 20 of the Complaint, Lite-On Defendants are without sufficient knowledge of the allegations and on that basis deny them.

21. In response to Paragraph 21 of the Complaint, LTC admits that it received a letter dated July 16, 2012 from Darfon, which includes a list of 20 or more patent numbers. LTC further admits that it received an e-mail dated February 12, 2015 to LTC referencing the '222 Patent. LTC denies the remaining allegations of Paragraph 21. Lite-On Singapore is without sufficient knowledge of the allegations of Paragraph 21 and on that basis denies them. Lite-On Trading is without sufficient knowledge of the allegations of Paragraph 21 and on that basis denies them.

22. In response to Paragraph 22 of the Complaint, the Lite-On Defendants admit that Darfon purports to be the owner by assignment of U.S. Patent No. 6,633,012 ("the '012 Patent") and that a

1   copy of the patent appears to be attached as Exhibit D to the Complaint.  The Lite-On Defendants

2   deny the remaining allegations of Paragraph 22 of the Complaint.

3        23. In response to Paragraph 23 of the Complaint, Lite-On Defendants are without sufficient

4   knowledge of the allegations and on that basis deny them.

5        24. The Lite-On Defendants deny the allegations of Paragraph 24 of the Complaint.

6        25. In response to Paragraph 25 of the Complaint, the Lite-On Defendants admit that Darfon

7   purports to be the owner by assignment of U.S. Patent No. 6,860,612 ("the '612 Patent") and that a

8   copy of the patent appears to be attached as Exhibit E to the Complaint.  The Lite-On Defendants

9   deny the remaining allegations of Paragraph 25 of the Complaint.

10        26. In response to Paragraph 26 of the Complaint, the Lite-On Defendants admit that a

11   document appearing to be an Ex Parte Reexamination Certificate for the '612 Patent appears to be

12   attached as Exhibit F to the Complaint.  The Lite-On Defendants deny the remaining allegations of

13   Paragraph 26 of the Complaint.

14        27. In response to Paragraph 27 of the Complaint, Lite-On Defendants are without sufficient

15   knowledge of the allegations and on that basis deny them.

16        28. In response to Paragraph 28 of the Complaint, LTC admits that it received a letter dated

17   July 16, 2012 and another letter dated October 3, 2014 from Darfon, each of which contain a list of

18   20 or more patent numbers.  LTC denies the remaining allegations of Paragraph 28.  Lite-On

19   Singapore is without sufficient knowledge of the allegations of Paragraph 28 and on that basis

20   denies them.  Lite-On Trading is without sufficient knowledge of the allegations of Paragraph 28

21   and on that basis denies them.

22        29. In response to Paragraph 29 of the Complaint, the Lite-On Defendants admit that Darfon

23   purports to be the owner by assignment of U.S. Patent No. 8,253,598 ("the '598 Patent") and that a

24   copy of the patent appears to be attached as Exhibit G to the Complaint.  The Lite-On Defendants

25   deny the remaining allegations of Paragraph 29 of the Complaint.

26        30. In response to Paragraph 30 of the Complaint, the Lite-On Defendants admit that a

27   document appearing to be an Ex Parte Reexamination Certificate for the '598 Patent appears to be

28

4825-3119-2185

attached as Exhibit H to the Complaint.  The Lite-On Defendants deny the remaining allegations of Paragraph 30 of the Complaint.

31. In response to Paragraph 31 of the Complaint, Lite-On Defendants are without sufficient knowledge of the allegations and on that basis deny them.

32. In response to Paragraph 32 of the Complaint, LTC admits that it received a letter dated October 3, 2014 from Darfon, which includes a list of 20 or more patent numbers.  LTC denies the remaining allegations of Paragraph 32.  Lite-On Singapore is without sufficient knowledge of the allegations of Paragraph 32 and on that basis denies them.  Lite-On Trading is without sufficient knowledge of the allegations of Paragraph 32 and on that basis denies them.

33. In response to Paragraph 33 of the Complaint, the Lite-On Defendants admit that Darfon purports to be the owner by assignment of U.S. Patent No. 9,875,864 ("the '864 Patent") and that a copy of the patent appears to be attached as Exhibit I to the Complaint.  The Lite-On Defendants deny the remaining allegations of Paragraph 33 of the Complaint.

34. In response to Paragraph 34 of the Complaint, Lite-On Defendants are without sufficient knowledge of the allegations and on that basis deny them.

35. Lite-On Defendants deny the allegations of Paragraph 35 of the Complaint.

**RESPONSE TO COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 6,054,939**

36. The Lite-On Defendants admit or deny the allegations of Paragraph 36 of the Complaint as set forth above.

37. The Lite-On Defendants deny the allegations of Paragraph 37 of the Complaint.

38. The Lite-On Defendants deny the allegations of Paragraph 38 of the Complaint.

39. In response to Paragraph 39 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

40. In response to Paragraph 40 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

4825-3119-2185

1    41. In response to Paragraph 41 of the Complaint, the allegations of the paragraph depend on
2    unconstrued terms and on this basis Lite-On Defendants deny the allegations.

3    42. In response to Paragraph 42 of the Complaint, the allegations of the paragraph depend on
4    unconstrued terms and on this basis Lite-On Defendants deny the allegations.

5    43. In response to Paragraph 43 of the Complaint, the allegations of the paragraph depend on
6    unconstrued terms and on this basis Lite-On Defendants deny the allegations.

7    44. In response to Paragraph 44 of the Complaint, the allegations of the paragraph depend on
8    unconstrued terms and on this basis Lite-On Defendants deny the allegations.

9    45. In response to Paragraph 45 of the Complaint, the allegations of the paragraph depend on
10   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

11   46. In response to Paragraph 46 of the Complaint, the allegations of the paragraph depend on
12   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

13   47. In response to Paragraph 47 of the Complaint, the allegations of the paragraph depend on
14   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

15   48. In response to Paragraph 48 of the Complaint, the allegations of the paragraph depend on
16   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

17   49. In response to Paragraph 49 of the Complaint, the allegations of the paragraph depend on
18   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

19   50. In response to Paragraph 50 of the Complaint, the allegations of the paragraph depend on
20   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

21   51. In response to Paragraph 51 of the Complaint, the allegations of the paragraph depend on
22   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

23   52. In response to Paragraph 52 of the Complaint, the allegations of the paragraph depend on
24   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

25   53. In response to Paragraph 53 of the Complaint, the allegations of the paragraph depend on
26   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

27

28

4825-3119-2185

1        54. In response to Paragraph 54 of the Complaint, the allegations of the paragraph depend on

2  unconstrued terms and on this basis Lite-On Defendants deny the allegations.

3        55. In response to Paragraph 55 of the Complaint, the allegations of the paragraph depend on

4  unconstrued terms and on this basis Lite-On Defendants deny the allegations.

5        56. In response to Paragraph 56 of the Complaint, the allegations of the paragraph depend on

6  unconstrued terms and on this basis Lite-On Defendants deny the allegations.

7        57. In response to Paragraph 57 of the Complaint, the allegations of the paragraph depend on

8  unconstrued terms and on this basis Lite-On Defendants deny the allegations.

9        58. In response to Paragraph 58 of the Complaint, the allegations of the paragraph depend on

10  unconstrued terms and on this basis Lite-On Defendants deny the allegations.

11        59. In response to Paragraph 59 of the Complaint, the allegations of the paragraph depend on

12  unconstrued terms and on this basis Lite-On Defendants deny the allegations.

13        60. In response to Paragraph 60 of the Complaint, the allegations of the paragraph depend on

14  unconstrued terms and on this basis Lite-On Defendants deny the allegations.

15        61. In response to Paragraph 61 of the Complaint, the allegations of the paragraph depend on

16  unconstrued terms and on this basis Lite-On Defendants deny the allegations.

17        62. In response to Paragraph 62 of the Complaint, the allegations of the paragraph depend on

18  unconstrued terms and on this basis Lite-On Defendants deny the allegations.

19        63. In response to Paragraph 63 of the Complaint, the allegations of the paragraph depend on

20  unconstrued terms and on this basis Lite-On Defendants deny the allegations.

21        64. In response to Paragraph 64 of the Complaint, the allegations of the paragraph depend on

22  unconstrued terms and on this basis Lite-On Defendants deny the allegations.

23        65. In response to Paragraph 65 of the Complaint, the allegations of the paragraph depend on

24  unconstrued terms and on this basis Lite-On Defendants deny the allegations.

25        66. In response to Paragraph 66 of the Complaint, the allegations of the paragraph depend on

26  unconstrued terms and on this basis Lite-On Defendants deny the allegations.

27        67. The Lite-On Defendants deny the allegations of Paragraph 67 of the Complaint.

28

1   68. The Lite-On Defendants deny the allegations of Paragraph 68 of the Complaint.

2   69. In response to Paragraph 69 of the Complaint, Lite-On Defendants admit a picture of a

3   webpage appearing to be from the site Amazon.com is included in the paragraph.  The Lite-On

4   Defendants deny the remaining allegations of Paragraph 69 of the Complaint.

5   70. The Lite-On Defendants deny the allegations of Paragraph 70 of the Complaint.

6   71. The Lite-On Defendants deny the allegations of Paragraph 71 of the Complaint.

7   72. The Lite-On Defendants deny the allegations of Paragraph 72 of the Complaint.

8   **RESPONSE TO COUNT II**

9   **INFRINGEMENT OF U.S. PATENT NO. 6,538,222**

10   73. The Lite-On Defendants admit or deny the allegations of Paragraph 73 of the Complaint

11   as set forth above.

12   74. The Lite-On Defendants deny the allegations of Paragraph 74 of the Complaint.

13   75. The Lite-On Defendants deny the allegations of Paragraph 75 of the Complaint.

14   76. In response to Paragraph 76 of the Complaint, the allegations of the paragraph depend on

15   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

16   77. In response to Paragraph 77 of the Complaint, the allegations of the paragraph depend on

17   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

18   78. In response to Paragraph 78 of the Complaint, the allegations of the paragraph depend on

19   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

20   79. In response to Paragraph 79 of the Complaint, the allegations of the paragraph depend on

21   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

22   80. In response to Paragraph 80 of the Complaint, the allegations of the paragraph depend on

23   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

24   81. In response to Paragraph 81 of the Complaint, the allegations of the paragraph depend on

25   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

26   82. In response to Paragraph 82 of the Complaint, the allegations of the paragraph depend on

27   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

28

4825-3119-2185

83. In response to Paragraph 83 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

84. In response to Paragraph 84 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

85. In response to Paragraph 85 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

86. In response to Paragraph 86 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

87. In response to Paragraph 87 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

88. In response to Paragraph 88 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

89. In response to Paragraph 89 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

90. In response to Paragraph 90 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

91. In response to Paragraph 91 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

92. In response to Paragraph 92 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

93. In response to Paragraph 93 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

94. In response to Paragraph 94 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

95. In response to Paragraph 95 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

1   96. In response to Paragraph 96 of the Complaint, the allegations of the paragraph depend on
2   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

3   97. In response to Paragraph 97 of the Complaint, the allegations of the paragraph depend on
4   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

5   98. In response to Paragraph 98 of the Complaint, the allegations of the paragraph depend on
6   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

7   99. In response to Paragraph 99 of the Complaint, the allegations of the paragraph depend on
8   unconstrued terms and on this basis Lite-On Defendants deny the allegations.

9   100. In response to Paragraph 100 of the Complaint, the allegations of the paragraph depend
10  on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

11  101. In response to Paragraph 101 of the Complaint, the allegations of the paragraph depend
12  on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

13  102. In response to Paragraph 102 of the Complaint, the allegations of the paragraph depend
14  on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

15  103. In response to Paragraph 103 of the Complaint, the allegations of the paragraph depend
16  on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

17  104. In response to Paragraph 104 of the Complaint, the allegations of the paragraph depend
18  on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

19  105. In response to Paragraph 105 of the Complaint, the allegations of the paragraph depend
20  on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

21  106. In response to Paragraph 106 of the Complaint, the allegations of the paragraph depend
22  on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

23  107. In response to Paragraph 107 of the Complaint, the allegations of the paragraph depend
24  on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

25  108. In response to Paragraph 108 of the Complaint, the allegations of the paragraph depend
26  on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

27
28

4825-3119-2185

1    109. In response to Paragraph 109 of the Complaint, the allegations of the paragraph depend
2    on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

3    110. LTC admits that SN6541 is manufactured by LTC or a subsidiary. The Lite-On
4    Defendants deny the remaining allegations of Paragraph 110 of the Complaint.

5    111. The Lite-On Defendants deny the allegations of Paragraph 111 of the Complaint.

6    112. In response to Paragraph 112 of the Complaint, Lite-On Defendants admit a picture of a
7    webpage appearing to be from the site Amazon.com is included in the paragraph. The Lite-On
8    Defendants deny the remaining allegations of Paragraph 112 of the Complaint.

9    113. The Lite-On Defendants deny the allegations of Paragraph 113 of the Complaint.

10   114. The Lite-On Defendants deny the allegations of Paragraph 114 of the Complaint.

11   115. The Lite-On Defendants deny the allegations of Paragraph 115 of the Complaint.

12   **RESPONSE TO COUNT III**

13   **INFRINGEMENT OF U.S. PATENT NO. 6,633,012**

14   116. The Lite-On Defendants admit or deny the allegations of Paragraph 116 of the
15   Complaint as set forth above.

16   117. The Lite-On Defendants deny the allegations of Paragraph 117 of the Complaint.

17   118. The Lite-On Defendants deny the allegations of Paragraph 118 of the Complaint.

18   119. In response to Paragraph 119 of the Complaint, the allegations of the paragraph depend
19   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

20   120. In response to Paragraph 120 of the Complaint, the allegations of the paragraph depend
21   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

22   121. In response to Paragraph 121 of the Complaint, the allegations of the paragraph depend
23   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

24   122. In response to Paragraph 122 of the Complaint, the allegations of the paragraph depend
25   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

26   123. LTC admits that SN6541 is manufactured by LTC or a subsidiary. The Lite-On
27   Defendants deny the remaining allegations of Paragraph 123 of the Complaint.

28

124. The Lite-On Defendants deny the allegations of Paragraph 124 of the Complaint.

125. In response to Paragraph 125 of the Complaint, Lite-On Defendants admit a picture of a webpage appearing to be from the site Amazon.com is included in the paragraph.  The Lite-On Defendants deny the remaining allegations of Paragraph 125 of the Complaint.

126. The Lite-On Defendants deny the allegations of Paragraph 126 of the Complaint.

127. The Lite-On Defendants deny the allegations of Paragraph 127 of the Complaint.

**RESPONSE TO COUNT IV**

**INFRINGEMENT OF U.S. PATENT NO. 6,860,612**

128. Lite-On Defendants admit or deny the allegations of Paragraph 128 of the Complaint as set forth above.

129. The Lite-On Defendants deny the allegations of Paragraph 129 of the Complaint.

130. The Lite-On Defendants deny the allegations of Paragraph 130 of the Complaint.

131. In response to Paragraph 131 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

132. In response to Paragraph 132 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

133. In response to Paragraph 133 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

134. In response to Paragraph 134 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

135. In response to Paragraph 135 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

136. In response to Paragraph 136 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

137. In response to Paragraph 137 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

1    138. In response to Paragraph 138 of the Complaint, the allegations of the paragraph depend
2    on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

3    139. In response to Paragraph 139 of the Complaint, the allegations of the paragraph depend
4    on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

5    140. In response to Paragraph 140 of the Complaint, the allegations of the paragraph depend
6    on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

7    141. In response to Paragraph 141 of the Complaint, the allegations of the paragraph depend
8    on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

9    142. In response to Paragraph 142 of the Complaint, the allegations of the paragraph depend
10   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

11   143. In response to Paragraph 143 of the Complaint, the allegations of the paragraph depend
12   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

13   144. In response to Paragraph 144 of the Complaint, the allegations of the paragraph depend
14   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

15   145. In response to Paragraph 145 of the Complaint, the allegations of the paragraph depend
16   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

17   146. In response to Paragraph 146 of the Complaint, the allegations of the paragraph depend
18   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

19   147. In response to Paragraph 147 of the Complaint, the allegations of the paragraph depend
20   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

21   148. In response to Paragraph 148 of the Complaint, the allegations of the paragraph depend
22   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

23   149. In response to Paragraph 149 of the Complaint, the allegations of the paragraph depend
24   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

25   150. In response to Paragraph 150 of the Complaint, the allegations of the paragraph depend
26   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

27

28

1       151. In response to Paragraph 151 of the Complaint, the allegations of the paragraph depend

2   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

3       152. In response to Paragraph 152 of the Complaint, the allegations of the paragraph depend

4   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

5       153. In response to Paragraph 153 of the Complaint, the allegations of the paragraph depend

6   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

7       154. In response to Paragraph 154 of the Complaint, the allegations of the paragraph depend

8   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

9       155. In response to Paragraph 155 of the Complaint, the allegations of the paragraph depend

10   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

11       156. In response to Paragraph 156 of the Complaint, the allegations of the paragraph depend

12   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

13       157. In response to Paragraph 157 of the Complaint, the allegations of the paragraph depend

14   on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

15       158. Lite-On Defendants deny the allegations of Paragraph 158 of the Complaint.

16       159. In response to Paragraph 159 of the Complaint, Lite-On Defendants admit a picture of a

17   webpage appearing to be from the site Amazon.com is included in the paragraph.  The Lite-On

18   Defendants deny the remaining allegations of Paragraph 159 of the Complaint.

19       160. The Lite-On Defendants deny the allegations of Paragraph 160 of the Complaint.

20       161. The Lite-On Defendants deny the allegations of Paragraph 161 of the Complaint.

21       162. The Lite-On Defendants deny the allegations of Paragraph 162 of the Complaint.

22                                **RESPONSE TO COUNT V**

23                    **INFRINGEMENT OF U.S. PATENT NO. 8,253,598**

24       163. Lite-On Defendants admit or deny the allegations of Paragraph 163 of the Complaint as

25   set forth above.

26       164. The Lite-On Defendants deny the allegations of Paragraph 164 of the Complaint.

27       165. The Lite-On Defendants deny the allegations of Paragraph 165 of the Complaint.

28

166. In response to Paragraph 166 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

167. In response to Paragraph 167 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

168. In response to Paragraph 168 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

169. In response to Paragraph 169 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

170. In response to Paragraph 170 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

171. In response to Paragraph 171 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

172. In response to Paragraph 172 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

173. In response to Paragraph 173 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

174. In response to Paragraph 174 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

175. In response to Paragraph 175 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

176. In response to Paragraph 176 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

177. In response to Paragraph 177 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

178. In response to Paragraph 178 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

179. In response to Paragraph 179 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

180. In response to Paragraph 180 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

181. In response to Paragraph 181 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

182. In response to Paragraph 182 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

183. In response to Paragraph 183 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

184. In response to Paragraph 184 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

185. In response to Paragraph 185 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

186. In response to Paragraph 186 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

187. In response to Paragraph 187 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

188. In response to Paragraph 188 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

189. In response to Paragraph 189 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

190. In response to Paragraph 190 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

191. In response to Paragraph 191 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

4825-3119-2185

192. In response to Paragraph 192 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

193. In response to Paragraph 193 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

194. In response to Paragraph 194 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

195. LTC admits that SN6165BL is manufactured by LTC or a subsidiary.  The Lite-On Defendants deny the remaining allegations of Paragraph 195 of the Complaint.

196. Lite-On Defendants deny the allegations of Paragraph 196 of the Complaint.

197. In response to Paragraph 197 of the Complaint, Lite-On Defendants admit a picture of a webpage appearing to be from the site Amazon.com is included in the paragraph.  The Lite-On Defendants deny the remaining allegations of Paragraph 197 of the Complaint.

198. The Lite-On Defendants deny the allegations of Paragraph 198 of the Complaint.

199. Lite-On Defendants deny the allegations of Paragraph 199 of the Complaint.

200. The Lite-On Defendants deny the allegations of Paragraph 200 of the Complaint.

**RESPONSE TO COUNT VI**

**INFRINGEMENT OF U.S. PATENT NO. 9,875,864**

201. Lite-On Defendants admit or deny the allegations of Paragraph 201 of the Complaint as set forth above.

202. The Lite-On Defendants deny the allegations of Paragraph 202 of the Complaint.

203. The Lite-On Defendants deny the allegations of Paragraph 203 of the Complaint.

204. In response to Paragraph 204 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

205. In response to Paragraph 205 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

206. In response to Paragraph 206 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

207. In response to Paragraph 207 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

208. In response to Paragraph 208 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

209. In response to Paragraph 209 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

210. In response to Paragraph 210 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

211. In response to Paragraph 211 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

212. In response to Paragraph 212 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

213. In response to Paragraph 213 of the Complaint, the allegations of the paragraph depend on unconstrued terms and on this basis Lite-On Defendants deny the allegations.

214. LTC admits that SN6165BL is manufactured by LTC or a subsidiary.  The Lite-On Defendants deny the remaining allegations of Paragraph 214 of the Complaint.

215. The Lite-On Defendants deny the allegations of Paragraph 215 of the Complaint.

216. In response to Paragraph 216 of the Complaint, Lite-On Defendants admit a picture of a webpage appearing to be from the site Amazon.com is included in the paragraph.  The Lite-On Defendants deny the remaining allegations of Paragraph 216 of the Complaint.

217. The Lite-On Defendants deny the allegations of Paragraph 217 of the Complaint.

218. The Lite-On Defendants deny the allegations of Paragraph 218 of the Complaint.

**RESPONSE TO PRAYER FOR RELIEF**

Having responded to the allegations in the Complaint as set forth above, the Lite-On Defendants deny that Plaintiff is entitled to any relief requested in its Prayer for Relief.

4825-3119-2185

### RESPONSE TO JURY TRIAL DEMAND

The Lite-On Defendants admit that Plaintiff has requested a trial by jury on all issues so triable.  The Lite-On Defendants deny that Plaintiff is entitled to any relief.

### AFFIRMATIVE DEFENSES

Subject to the responses above, the Lite-On Defendants allege and assert the following defenses to the allegations of Darfon's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, subject to their responses above, the Lite-On Defendants specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

The Lite-On Defendants do not infringe and has not infringed (not directly, indirectly, contributorily, by inducement, jointly, willfully, or otherwise) any valid, enforceable claim of the '939 Patent, '222 Patent, '012 Patent, '612 Patent, '598 Patent, '864 Patent (collectively, the "Darfon Patents"), either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

The claims of the Darfon Patents are invalid because they fail to satisfy the conditions of patentability specified in Title 35 of the United States Code, including but not limited to §§101, 102, 103, and/or 112. Particularly, to the extent that any features of the accused products infringe claims of the Darfon Patents, on information and belief, those claims are invalid at least for lacking novelty and/or being obvious over the prior art that contained similar features, as well as related prior art, for non-enablement, for indefiniteness, and for lack of adequate written description. Lite-On Defendants reserves the right to amend, supplement, and add further prior art references and invalidity contentions pursuant to the local rules.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRD AFFIRMATIVE DEFENSE

### (Limitation on Damages)

Darfon's claim for damages is statutorily limited under 35 U.S.C. § 286.

## FOURTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

Darfon is barred, under the doctrine of Prosecution History Estoppel, from construing the claims of any of the Darfon Patents in such a way as may cover any of the Lite-On Defendants' products or processes by reasons of statements made to the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the respective patents. The Lite-On Defendants reserves the right to amend this defense pursuant to the local rules governing claim construction.

## FIFTH AFFIRMATIVE DEFENSE

### (License and/or Exhaustion)

Darfon's claims are barred, in whole or in part, as a result of express or implied licenses to the Darfon Patents and/or other exhaustion defenses at least by virtue of license agreements it has entered into with Lite-On Defendants or with third parties.

## SIXTH AFFIRMATIVE DEFENSE

### (Marking and Notice)

On information and belief, Darfon's purported claims for relief are limited by failure to comply with the marking and notice requirements of 35 U.S.C. § 287(a).  To the extent that Darfon or its predecessors in interest or its licensees in, to, or under the Darfon Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or to otherwise give proper notice that the Lite-On Defendants' actions allegedly infringed the Darfon Patents, the Lite-On Defendants are not liable to Darfon for the acts alleged to have been performed before Darfon met its marking or notice requirement for the Darfon Patents under 35 U.S.C. § 287.

1    ~~SEVENTH AFFIRMATIVE DEFENSE~~

2    ~~(Limitation on Costs)~~

3    ~~Darfon's request for relief is barred or otherwise limited pursuant to 35 U.S.C. § 288.~~

4    ~~ADDITIONAL DEFENSES~~

5    ~~This action has just begun and the Lite-On Defendants continue to investigate the allegations~~

6    ~~set forth in the Complaint.  The Lite-On Defendants specifically give notice that they intend to rely~~

7    ~~upon such other defenses as may become available by law, or pursuant to statute, or discovery~~

8    ~~proceedings in this case, and hereby reserve the right to assert such additional defenses.~~

9    ~~PRAYER FOR RELIEF~~

10    ~~WHEREFORE, the Lite-On Defendants pray that the Court enter judgment as follows:~~

11    ~~A.    Dismiss Plaintiff's Complaint with prejudice;~~

12    ~~B.    Adjudge that Plaintiff is not entitled to any relief, including any of the relief~~

13    ~~requested in its Complaint;~~

14    ~~C.    Award the Lite-On Defendants their attorneys' fees and costs incurred herein; and~~

15    ~~D.    Award the Lite-On Defendants such other relief as this Court may deem appropriate~~

16    ~~and just under the circumstances.~~

17    ~~COUNTERCLAIMS~~

18    Defendants and Counterclaim-Plaintiffs Lite-On Singapore, LTC, and Lite-On Trading, and

19    Counterclaim-Plaintiff only Lite-On Guangzhou (collectively, the "Lite-On Counterclaim-

20    Plaintiffs"), by and through their counsel of record, assert the following ~~counterclaims~~First

21    Amended Counterclaims against Plaintiff and Counterclaim-Defendant Darfon Electronics

22    ~~Corporation (~~Corp. and Counterclaim-Defendant Darfon America Corp. (collectively "Darfon"), and

23    allege as follows:

24    **NATURE AND BASIS OF ACTION**

25    1.    This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

26    2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq.,* ~~the~~in which Lite-On ~~Counterclaim-~~

27    ~~Plaintiffs~~Singapore, LTC, and Lite-On Trading ("Lite-On Defendants") request declarations that: (i)

28

they ~~does~~do not infringe any valid, enforceable claim of U.S. Patent No. 6,054,939 ("the '939 Patent"); U.S. Patent No. 6,538,222 ("the '222 Patent"); U.S. Patent No. 6,633,012 ("the '012 Patent"); U.S. Patent No. 6,860,612 ("the '612 Patent"); U.S. Patent No. 8,253,598 ("the '598 Patent"); or U.S. Patent No. 9,875,864 ("the '864 Patent") and (ii) the claims of the '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent; and '864 Patent are invalid.

2.     This is also an action arising under the United States Patent Act, in which LTC and Lite-On Guangzhou allege that Darfon has infringed U.S. Patent No. 9,697,965 ("the '965 Patent").

**THE PARTIES**

3.     ~~2.~~ Darfon Electronics Corp. is a Taiwan corporation located at No. 167, Shanying Road, Guishan District, Taoyuan City 333, Taiwan, R.O.C.

4.     Darfon America Corp. is a California corporation located at 103A Pioneer Way, Mountain View, CA 94041.

5.     ~~3.~~ Lite-On Singapore Pte. Ltd. ("Lite-On Singapore") is a Singaporean company located at 22, Sin Ming Lane #03-83, Midview City, Singapore, 573969.

6.     ~~4.~~ Lite-On Technology Corporation ("LTC") is a Taiwanese corporation located at 392 Ruey Kwang Road, Neihu, Taipei, Taiwan, R.O.C. 114.

7.     ~~5.~~ Lite-On Trading USA, Inc. ("Lite-On Trading") is a California corporation located at 720 S. Hillview Drive, Milpitas, California, 95035.

8.     Lite-On Electronics (Guangzhou) Limited ("Lite-On Guangzhou") is a Chinese company located at No. 25, Guangpu West Road, Guangzhou Science Park, Guangzhou High and New Technology Industry Development Zone, Guangzhou, China, P.R.C.

**JURISDICTION AND VENUE**

9.     ~~6.~~ These Counterclaims arise partially under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the United States Patent laws, 35 U.S.C. § 101 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.  This Court ~~also~~ has personal jurisdiction over Darfon because, among other reasons, (i) Darfon Electronics Corp. brought suit alleging infringement of '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent;

and '864 Patent in this District and (ii) Darfon America Corp. is incorporated in California and has a principal place of business in this District.

10.   Darfon is also subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute due at least to its substantial business conducted in this forum, directly and/or through intermediaries, including (i) having solicited business in the State of California and in this District, transacted business within the State of California and in this District, and attempting to derive financial benefit from residents of the State of California and this District, including benefits directly related to the patent infringement claims set forth herein; (ii) having placed its products and services into the stream of commerce throughout the United States and having been actively engaged in transacting business in California and in this District; and (iii) either alone or in conjunction with others, having committed acts of infringement within California and in this District, as, on information and belief, Darfon, directly and/or through intermediaries, has advertised (including through websites), offered to sell, sold and/or distributed infringing products, and/or has induced the sale and use of infringing products in the United States and in California and in this District.  Further, Darfon has, directly or through its distribution network, purposefully and voluntarily placed such products in the stream of commerce knowing and expecting them to be purchased and used by consumers in California and in this District.  Darfon has either committed direct infringement in California or committed indirect infringement based on acts of direct infringement in California and in this District.  In addition, on information and belief, Darfon is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in California and in this District.

11.   On information and belief, Darfon does one or more of the following with the keyboards used in laptop computers that embody Lite-On's patented technology: (a) make these devices in the United States for sale to customers, including customers in California; (b) import these devices into the United States for sale to consumers, including consumers in California; (c) sell

them or offer them for sale in the United States, including to customers in California; and/or (d) sell them to customers who incorporate them into products that such customers import, sell, or offer for sale in the United States, including in California.

12.     Thus, Darfon has purposefully availed itself of the benefits of doing business in the State of California.  Darfon Electronics Corp. has also purposefully availed itself of the benefits of the State of California by filing this lawsuit (Case No. 4:18-CV-03598-HSG) in this Court.  The exercise of jurisdiction over Darfon would not offend traditional notions of fair play and substantial justice.

13.     7. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)-(c) because Darfon Electronics Corp. brought its Complaint for infringement of the '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent; and '864 Patent in this Court and because Darfon America Corp. resides in this District.

**FACTUAL ALLEGATIONS**

14.     8. Upon information and belief, Darfon Electronics Corp. purports to be the owner by assignment of the '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent; and '864 Patent.

15.     9. The Lite-On Counterclaim PlaintiffsDefendants do not infringe directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent; or '864 Patent.

16.     10. Upon information and belief, all claims of the '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent; and '864 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

17.     LTC and Lite-On Guangzhou are owners of all rights, title, and interest in and to U.S. Patent No. 9,697,965 titled "Key Structure With Reduced Resonant Noise," including all rights to sue and recover for past and future infringement.  The '965 Patent was duly and legally issued by the United States Patent and Trademark Office on July 4, 2017.  A true and correct copy of the '965 Patent is included as Exhibit A to this First Amended Counterclaim.

18.   On October 31, 2018, counsel for LTC and Lite-On Guangzhou sent counsel for Darfon a copy of these First Amended Counterclaims informing them of their infringement of the '965 Patent.  Darfon is on notice no later than October 31, 2018, of: (i) the '965 Patent and (ii) its infringement of one or more claims of the '965 Patent.

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '939 Patent)**

19.   ~~11.~~ The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through ~~10~~18 of these Counterclaims as if fully set forth herein.

20.   ~~12.~~ An actual controversy has arisen and exists between ~~the parties~~Darfon Electronics Corp. ("Darfon Electronics") and the Lite-On Defendants regarding non-infringement of the '939 Patent because Darfon Electronics asserts in its Complaint that the Lite-On ~~Counterclaim-Plaintiffs~~Defendants infringed the '939 Patent.

21.   ~~13.~~ The Lite-On ~~Counterclaim-Plaintiffs~~Defendants have not infringed, directly, contributorily, or by inducement, any valid, enforceable, properly construed claim of the '939 Patent, either literally or under the doctrine of equivalents.

22.   ~~14.~~ The Lite-On ~~Counterclaim-Plaintiffs~~Defendants are entitled to a declaratory judgment that ~~it has~~they have not infringed, and ~~is~~are not infringing, any valid, enforceable, properly construed claim of the '939 Patent.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '939 Patent)**

23.   ~~15.~~ The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through ~~10~~18 of these Counterclaims as if fully set forth herein.

24.   ~~16.~~ An actual controversy has arisen and exists between ~~the parties~~Darfon Electronics and the Lite-On Defendants regarding invalidity of the claims of the '939 Patent because Darfon Electronics asserted in its Complaint that the Lite-On ~~Counterclaim-Plaintiffs~~Defendants infringe the patent, and that the patent was duly granted.

25. 17. One or more claims of the '939 Patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112. Particularly, to the extent that any features of the accused products infringe claims of the '939 Patent, on information and belief, those claims are invalid at least as to lacking novelty and/or being obvious over the prior art that contained similar features, as well as related prior art, for non-enablement, for indefiniteness, and for lack of adequate written description. The Lite-On ~~Counterclaim-Plaintiffs~~Defendants reserve the right to amend, supplement, and add further prior art references and invalidity contentions pursuant to the local rules.

26. 18. The Lite-On ~~Counterclaim-Plaintiffs~~Defendants are entitled to a declaratory judgment that the claims of the '939 Patent are invalid.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '222 Patent)

27. 19. The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through ~~10~~18 of these Counterclaims as if fully set forth herein.

28. 20. An actual controversy has arisen and exists between ~~the parties~~Darfon Electronics and the Lite-On Defendants regarding non-infringement of the '222 Patent because Darfon Electronics asserts in its Complaint that the Lite-On ~~Counterclaim-Plaintiffs~~Defendants infringed the '222 Patent.

29. 21. The Lite-On ~~Counterclaim-Plaintiffs~~Defendants have not infringed, directly, contributorily, or by inducement, any valid, enforceable, properly construed claim of the '222 Patent, either literally or under the doctrine of equivalents.

30. 22. The Lite-On ~~Counterclaim-Plaintiffs~~Defendants are entitled to a declaratory judgment that ~~it has~~they have not infringed, and ~~is~~are not infringing, any valid, enforceable, properly construed claim of the '222 Patent.

**FOURTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '222 Patent)**

31. ~~23.~~ The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through ~~10~~18 of these Counterclaims as if fully set forth herein.

32. ~~24.~~ An actual controversy has arisen and exists between ~~the parties~~Darfon Electronics and the Lite-On Defendants regarding invalidity of the claims of the '222 Patent because Darfon Electronics asserted in its Complaint that the Lite-On ~~Counterclaim-Plaintiffs~~Defendants infringe the patent, and that the patent was duly granted.

33. ~~25.~~ One or more claims of the '222 Patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112. Particularly, to the extent that any features of the accused products infringe claims of the '222 Patent, on information and belief, those claims are invalid at least as to lacking novelty and/or being obvious over the prior art that contained similar features, as well as related prior art, for non-enablement, for indefiniteness, and for lack of adequate written description. The Lite-On ~~Counterclaim-Plaintiffs~~Defendants reserve the right to amend, supplement, and add further prior art references and invalidity contentions pursuant to the local rules.

34. ~~26.~~ The Lite-On ~~Counterclaim-Plaintiffs~~Defendants are entitled to a declaratory judgment that the claims of the '222 Patent are invalid.

**FIFTH COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '012 Patent)**

35. ~~27.~~ The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through ~~10~~18 of these Counterclaims as if fully set forth herein.

36. ~~28.~~ An actual controversy has arisen and exists between ~~the parties~~Darfon Electronics and the Lite-On Defendants regarding non-infringement of the '012 Patent because Darfon Electronics asserts in its Complaint that the Lite-On ~~Counterclaim-Plaintiffs~~Defendants infringed the '012 Patent.

37. 29. The Lite-On Counterclaim-Plaintiffs Defendants have not infringed, directly, contributorily, or by inducement, any valid, enforceable, properly construed claim of the '012 Patent, either literally or under the doctrine of equivalents.

38. 30. The Lite-On Counterclaim-Plaintiffs Defendants are entitled to a declaratory judgment that it has they have not infringed, and is are not infringing, any valid, enforceable, properly construed claim of the '012 Patent.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '012 Patent)

39. 31. The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 10 18 of these Counterclaims as if fully set forth herein.

40. 32. An actual controversy has arisen and exists between the parties Darfon Electronics and the Lite-On Defendants regarding invalidity of the claims of the '012 Patent because Darfon Electronics asserted in its Complaint that the Lite-On Counterclaim-Plaintiffs Defendants infringe the patent, and that the patent was duly granted.

41. 33. One or more claims of the '012 Patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112. Particularly, to the extent that any features of the accused products infringe claims of the '012 Patent, on information and belief, those claims are invalid at least as to lacking novelty and/or being obvious over the prior art that contained similar features, as well as related prior art, for non-enablement, for indefiniteness, and for lack of adequate written description. The Lite-On Counterclaim-Plaintiffs Defendants reserve the right to amend, supplement, and add further prior art references and invalidity contentions pursuant to the local rules.

42. 34. The Lite-On Counterclaim-Plaintiffs Defendants are entitled to a declaratory judgment that the claims of the '012 Patent are invalid.

**SEVENTH COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '612 Patent)**

43.   35.  The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 1018 of these Counterclaims as if fully set forth herein.

44.   36. An actual controversy has arisen and exists between the partiesDarfon Electronics and the Lite-On Defendants regarding non-infringement of the '612 Patent because Darfon Electronics asserts in its Complaint that the Lite-On Counterclaim-PlaintiffsDefendants infringed the '612 Patent.

45.   37. The Lite-On Counterclaim PlaintiffsDefendants have not infringed, directly, contributorily, or by inducement, any valid, enforceable, properly construed claim of the '612 Patent, either literally or under the doctrine of equivalents.

46.   38. The Lite-On Counterclaim PlaintiffsDefendants are entitled to a declaratory judgment that it hasthey have not infringed, and isare not infringing, any valid, enforceable, properly construed claim of the '612 Patent.

**EIGHTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '612 Patent)**

47.   39.  The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 1018 of these Counterclaims as if fully set forth herein.

48.   40. An actual controversy has arisen and exists between the partiesDarfon Electronics and the Lite-On Defendants regarding invalidity of the claims of the '612 Patent because Darfon Electronics asserted in its Complaint that the Lite-On Counterclaim-PlaintiffsDefendants infringe the patent, and that the patent was duly granted.

49.   41. One or more claims of the '612 Patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.  Particularly, to the extent that any features of the accused products infringe claims of the '612 Patent, on information and belief, those claims are invalid at least as to lacking novelty and/or being obvious

over the prior art that contained similar features, as well as related prior art, for non-enablement, for indefiniteness, and for lack of adequate written description.   The Lite-On ~~Counterclaim-Plaintiffs~~Defendants reserve the right to amend, supplement, and add further prior art references and invalidity contentions pursuant to the local rules.

50.   ~~42.~~ The Lite-On ~~Counterclaim-Plaintiffs~~Defendants are entitled to a declaratory judgment that the claims of the '612 Patent are invalid.

## NINTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '598 Patent)

51.   ~~43.~~ The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through ~~10~~18 of these Counterclaims as if fully set forth herein.

52.   ~~44.~~ An actual controversy has arisen and exists between ~~the parties~~Darfon Electronics and the Lite-On Defendants regarding non-infringement of the '598 Patent because Darfon Electronics asserts in its Complaint that the Lite-On ~~Counterclaim-Plaintiffs~~Defendants infringed the '598 Patent.

53.   ~~45.~~ The Lite-On ~~Counterclaim-Plaintiffs~~Defendants have not infringed, directly, contributorily, or by inducement, any valid, enforceable, properly construed claim of the '598 Patent, either literally or under the doctrine of equivalents.

54.   ~~46.~~ The Lite-On ~~Counterclaim-Plaintiffs~~Defendants are entitled to a declaratory judgment that ~~it has~~they have not infringed, and ~~is~~are not infringing, any valid, enforceable, properly construed claim of the '598 Patent.

## TENTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '598 Patent)

55.   ~~47.~~ The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through ~~10~~18 of these Counterclaims as if fully set forth herein.

56.   ~~48.~~ An actual controversy has arisen and exists between ~~the parties~~Darfon Electronics and the Lite-On Defendants regarding invalidity of the claims of the '598 Patent because Darfon Electronics asserted in its Complaint that the Lite-On ~~Counterclaim-Plaintiffs~~Defendants infringe

the patent, and that the patent was duly granted.

57. 49. One or more claims of the '598 Patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.  Particularly, to the extent that any features of the accused products infringe claims of the '598 Patent, on information and belief, those claims are invalid at least as to lacking novelty and/or being obvious over the prior art that contained similar features, as well as related prior art, for non-enablement, for indefiniteness, and for lack of adequate written description.  The Lite-On Counterclaim-PlaintiffsDefendants reserve the right to amend, supplement, and add further prior art references and invalidity contentions pursuant to the local rules.

58. 50. The Lite-On Counterclaim-PlaintiffsDefendants are entitled to a declaratory judgment that the claims of the '598 Patent are invalid.

**ELEVENTH COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '864 Patent)**

59. 51. The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 1018 of these Counterclaims as if fully set forth herein.

60. 52. An actual controversy has arisen and exists between the partiesDarfon Electronics and the Lite-On Defendants regarding non-infringement of the '864 Patent because Darfon Electronics asserts in its Complaint that the Lite-On Counterclaim-PlaintiffsDefendants infringed the '864 Patent.

61. 53. The Lite-On Counterclaim-PlaintiffsDefendants have not infringed, directly, contributorily, or by inducement, any valid, enforceable, properly construed claim of the '864 Patent, either literally or under the doctrine of equivalents.

62. 54. The Lite-On Counterclaim-PlaintiffsDefendants are entitled to a declaratory judgment that it hasthey have not infringed, and isare not infringing, any valid, enforceable, properly construed claim of the '864 Patent.

4825-3119-2185

**TWELFTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '864 Patent)**

63. 55. The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 1018 of these Counterclaims as if fully set forth herein.

64. 56. An actual controversy has arisen and exists between the parties Darfon Electronics and the Lite-On Defendants regarding invalidity of the claims of the '864 Patent because Darfon Electronics asserted in its Complaint that the Lite-On Counterclaim-Plaintiffs Defendants infringe the patent, and that the patent was duly granted.

65. 57. One or more claims of the '864 Patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112. Particularly, to the extent that any features of the accused products infringe claims of the '864 Patent, on information and belief, those claims are invalid at least as to lacking novelty and/or being obvious over the prior art that contained similar features, as well as related prior art, for non-enablement, for indefiniteness, and for lack of adequate written description. The Lite-On Counterclaim-Plaintiffs Defendants reserve the right to amend, supplement, and add further prior art references and invalidity contentions pursuant to the local rules.

66. 58. The Lite-On Counterclaim-Plaintiffs Defendants are entitled to a declaratory judgment that the claims of the '864 Patent are invalid.

**THIRTEENTH COUNTERCLAIM**

**(Infringement of the '965 Patent)**

67. The Lite-On Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 18 of these Counterclaims as if fully set forth herein.

68. Darfon makes, uses, offers for sale, sells, and/or imports in the United States products and/or services that have infringed and continue to infringe one or more claims of the '965 Patent, including but not limited to Claims 1, 2, 3, 7, 9, 11, and 12, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents. Darfon's infringing products include, for example and without

limitation, all versions and variations, including predecessor and successor models, of the following computer keyboards of Darfon: NSK-BYBBN 01 (part number 9Z.NDRBN.B01, and incorporated, for example, in Lenovo ideapad 520 laptop computers); NSK-LKDBC 01 (part number 0D19TR, and incorporated, for example, in Dell Latitude 14 5000 series laptop computers); NSK-EJASC 01 (part number 05XVF4); NSK-WK2SQ 01 (part number 9Z.NDXSQ.201, and incorporated, for example, in ASUS laptop computers), and any other similar products that infringe at least one claim of the '965 Patent.  Darfon's infringing products are collectively referred to hereinafter as "the '965 Accused Products."

69.     The '965 Accused Products are covered by one or more claims of the '965 Patent, including at least Claims 1, 2, 3, 7, 9, 11, and 12, because they contain each element of those claims.

70.     By way of example, Darfon's NSK-EJASC 01 infringes Claim 1 of the '965 Patent because it is a key structure:



71.     Darfon's NSK-EJASC 01 key structure has a base plate, formed with a first supporting portion and a second supporting portion:



(Added)

72.     Darfon's NSK-EJASC 01 key structure also has a conductive film layer, disposed on the base plate:



(Added)

73.     Darfon's NSK-EJASC 01 key structure also has an elastic conducting element, disposed on the conductive film layer:



74.    Darfon's NSK-EJASC 01 key structure also has a linking rod, arranged above the base plate, the linking rod having a main portion, a first arm connected to one end of the main portion and a second arm connected to the other end of the main portion, a bottom end of the first arm pivotally connected to the first supporting portion, a bottom end of the second arm pivotally connected to the second supporting portion:



75.    Darfon's NSK-EJASC 01 key structure also has a keycap, arranged above the linking rod, a bottom of the keycap pivotally connected to the main portion of the linking rod, the keycap having two short side walls respectively approximated to the first and second arms, and two long side walls parallel the main portion of the linking rod:



76. Darfon's NSK-EJASC 01 key structure also has a base plate that has a plurality of first openings and second openings, the first openings arranged underneath the short side walls of the keycap and on an outer side of the first and second supporting portions, the second openings arranged parallel to and underneath the long side walls of the keycap, thereby the first and second openings decrease a resonant effect of clapping sounds in the keycap when the keycap are pressed against the conductive film layer.



77. By way of another example, Darfon's NSK-WK2SQ 01 infringes Claim 1 of the '965 Patent because it is a key structure:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



(Added)

78.     Darfon's NSK-WK2SQ 01 key structure also has a base plate, formed with a first supporting portion and a second supporting portion:



(Added)

first supporting portion   base plate
second supporting portion

79.     Darfon's NSK-WK2SQ 01 key structure also has a conductive film layer, disposed on the base plate:



(Added)

conductive film layer   base plate

80.     Darfon's NSK-WK2SQ 01 key structure also has an elastic conducting element, disposed on the conductive film layer:



(Added)

conductive film layer

elastic conducting element

81.   Darfon's NSK-WK2SQ 01 key structure also has a linking rod, arranged above the base plate, the linking rod having a main portion, a first arm connected to one end of the main portion and a second arm connected to the other end of the main portion, a bottom end of the first arm pivotally connected to the first supporting portion, a bottom end of the second arm pivotally connected to the second supporting portion:



(Added)

linking rod

82.   Darfon's NSK-WK2SQ 01 key structure also has a keycap, arranged above the linking rod, a bottom of the keycap pivotally connected to the main portion of the linking rod, the keycap having two short side walls respectively approximated to the first and second arms, and two long side walls parallel the main portion of the linking rod:



(Added)

83.   Darfon's NSK-WK2SQ 01 key structure also has a base plate that has a plurality of first openings and second openings, the first openings arranged underneath the short side walls of the keycap and on an outer side of the first and second supporting portions, the second openings arranged parallel to and underneath the long side walls of the keycap, thereby the first and second openings decrease a resonant effect of clapping sounds in the keycap when the keycap are pressed against the conductive film layer:



(Added)



(Added)

84.   By making, using, offering for sale, selling, and/or importing the '965 Accused Products that infringe the '965 Patent, Darfon is liable to LTC and Lite-On Guangzhou for direct

1   infringement of the '965 Patent pursuant to 35 U.S.C. § 271(a), literally and/or under the doctrine of

2   equivalents.

3   85.   In addition, on information and belief, Darfon has induced and continues to induce

4   infringement of one more claims of the '965 Patent, including but not limited to Claims 1, 2, 3, 7, 9,

5   11, and 12, pursuant to 35 U.S.C. § 271(b), by encouraging third parties such as users, customers

6   (e.g., ASUS, Lenovo, and Dell), distributors, wholesalers, retailers, affiliates, parents, subsidiaries,

7   importers, or sellers to make, use, offer to sell, sell, and/or import into the United States without

8   authorization the '965 Accused Products.   The making, using, offering to sell, selling, and/or

9   importing into the United States constitutes direct infringement, literally or under the doctrine of

10   equivalents, of one or more claims of the '965 Patent by such third parties.   Darfon's acts of

11   inducement include: providing the '965 Accused Products or components thereof to third parties and

12   intending them to make, use, offer to sell, sell, and/or import the '965 Accused Products; advertising

13   the '965 Accused Products in the United States and encouraging the sale and offer for sale of the

14   '965 Accused Products by other entities (for example, http://www.darfon.com/English/HID.asp) and

15   encouraging third parties to communicate directly with Darfon's representatives and providing

16   information about the '965 Accused Products for purposes of technical assistance, design,

17   replacement, sales, and marketing of the '965 Accused Products (for example,

18   http://www.darfon.com/English/hid_ContactWindow.asp#).

19   86.   Upon information and belief, Darfon is fully aware that its customers such as ASUS,

20   Dell and Lenovo promote and sell laptop computers incorporating the '965 Accused Products in the

21   United States.

22   87.   Darfon has and continues to proceed in this manner despite knowledge of the '965

23   Patent and their knowledge that specific actions they actively induced and continue to actively

24   induce on the part of third parties constitute infringement of the '965 Patent.   Darfon had knowledge

25   of the '965 Patent no later than October 31, 2018.

26   88.   LTC and Lite-On Guangzhou have suffered and continue to suffer damages and

27   irreparable harm as a result of Darfon's infringement of the '965 Patent.

28

89.     Darfon's infringement of the '965 Patent has been and continues to be willful, deliberate, and in disregard of LTC and Lite-On Guangzhou's patent rights. Darfon had knowledge of the '965 Patent and the infringement of the '965 Patent no later than October 31, 2018, and has proceeded to infringe the '965 Patent with full knowledge of that patent and its applicability to Darfon's products. Darfon's intentional, knowing, egregious, culpable, willful, wanton, malicious, bad faith, deliberate, consciously wrongful, and/or flagrant infringement entitles LTC and Lite-On Guangzhou to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, the Lite-On Counterclaim-Plaintiffs pray for entry of judgment in its favor as follows:

A.     That the Court declare that the Lite-On ~~Counterclaim-Plaintiffs~~Defendants and the accused products do not infringe the '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent; or '864 Patent, either literally or under the doctrine of equivalents, and that the Lite-On ~~Counterclaim-Plaintiffs~~Defendants have not actively induced or contributed to the infringement of the '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent; or '864 Patent;

B.     That the Court declare that the claims of the '939 Patent; '222 Patent; '012 Patent; '612 Patent; '598 Patent; or '864 Patent are invalid;

C.     That Darfon has infringed and continues to infringe one or more claims of the '965 Patent;

D.     That Darfon has induced infringement and continues to induce infringement of one or more claims of the '965 Patent;

E.     That Darfon willfully infringed one or more claims of the '965 Patent;

F.     That Darfon be permanently enjoined from infringing the '965 Patent;

G.     That LTC and Lite-On Guangzhou be awarded all damages adequate to compensate for Darfon's infringement, and in no event less than a reasonable royalty for Darfon's infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

G.     That LTC and Lite-On Guangzhou be awarded treble damages pursuant to 35 U.S.C. § 284 as a result of Darfon's willful conduct;

~~C~~H.     That the Court declare this an exceptional case under 35 U.S.C. § 285 and award the Lite-On Counterclaim-Plaintiffs attorneys' fees and costs of suit; and

~~D~~I.     That the Lite-On Counterclaim-Plaintiffs receive such other and further relief as the Court deems just and proper.

**<u>JURY TRIAL DEMAND</u>**

The Lite-On Counterclaim-Plaintiffs respectfully demand a trial by jury on all issues and claims so triable.

Dated: ~~August 3~~ _____, 2018          PILLSBURY WINTHROP SHAW PITTMAN LLP


                                                                    */s/ Christopher Kao*
                                                        By:    Christopher Kao

                                                                Attorneys for Defendants and Counterclaimants
                                                                LITE-ON SINGAPORE PTE. LTD.,
                                                                LITE-ON TECHNOLOGY CORPORATION,
                                                                LITE-ON TRADING USA, INC.
                                                                LITE-ON ELECTRONICS (GUANGZHOU) LTD.