UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARFON ELECTRONICS CORP., <br> Plaintiff, <br> v. <br> LITE-ON SINGAPORE PTE, LTD., et al., <br> Defendants. | Case No. 18-cv-03598-HSG <br><br> **ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COUNTERCLAIM** <br><br> Re: Dkt. No. 45 |

On June 15, 2018, Plaintiff Darfon Electronics, Corp. ("Darfon") filed its complaint against Defendants Lite-On Singapore PTE. Ltd., Lite-On Technology Corp., and Lite-On Trading USA, Inc. (collectively, "Lite-On"). Dkt. No. 1. Lite-On filed its answer and counterclaims on August 3, 2018. Dkt. No. 29. Darfon filed its answer to Lite-On's counterclaims on August 24, 2018. Dkt. No. 37. On November 9, 2018, Lite-On filed this motion for leave to file an amended counterclaim, to include a counterclaim for infringement of U.S. Patent No. 9,697,965 ("the '965 patent"). Dkt. No. 45 ("Mot."). Darfon filed its opposition to this motion on November 21, 2018, *see* Dkt. No. 52 ("Opp."), and Lite-On filed a reply to Darfon's opposition on November 30, 2018, *see* Dkt. No. 53 ("Reply").[1]

## I. LEGAL STANDARD

Under Rule 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). The five factors relevant to

---

[1] The Court finds that this matter is appropriate for disposition without oral argument. *See* Civil L.R. 7-1.

determining proper amendment are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (same factors). The Court weighs prejudice to the opposing party most heavily. *See Eminence Capital*, 316 F.3d at 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

## II. DISCUSSION

Darfon has shown that this Court should grant leave to file an amended counterclaim under this circuit's liberal standard. To start, there have been no previous amendments and Darfon does not contend that amendment would be futile. In addition, Lite-On's proposed amendment would not unduly delay the proceedings, given the early posture of the case. In fact, Lite-On notified Darfon of its intent to amend its counterclaims before the initial case management conference. *See* Mot. at 3. And the first substantive deadline under the Patent Local Rules has not yet passed.

The Court further finds that leave to amend is not sought in bad faith. Darfon argues that Lite-On seeks leave in bad faith "because Lite-On's true intent is simply to put more pressure on Darfon by driving up Darfon's litigation cost." Opp. at 6. To illustrate that point, Darfon represents that "Lite-On is not seeking an injunction based on the '965 patent." *Id.* That is untrue. Lite-On's proposed amended counterclaim clearly states that it "pray[s] for entry of judgment in its favor . . . [t]hat Darfon be permanently enjoined from infringing the '965 Patent." *See* Mot. Exh. A at 20. Although Darfon is right that amendments generally increase litigation costs to some extent, that natural consequence alone does not demonstrate bad faith.

Finally, the Court finds that leave to amend would not prejudice Darfon. The only purported prejudice claimed by Darfon is that amendment would expand the scope of litigation and include a "different set of infringement and invalidity analyses." Opp. at 4. But that can be said of essentially any amendment. It is also worth noting that all cases upon which Darfon relies in asserting prejudice are markedly different from this one. In *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990), the court found prejudice where the plaintiff moved for

2

leave to file an amended complaint "[a]fter the dismissal of its original complaint, and nearly two years after its filing." *Id.* at 1079. In *Alzheimer's Institute of America v. Elan Corp. PLC*, 274 F.R.D. 272 (N.D. Cal. 2011), the court's finding of prejudice largely relied on the fact that claim construction briefing on the patent-at-issue had already begun without the opposing party's participation. *Id.* at 276–77 (explaining that "the horse of proposed claim construction for the key disputed term has already left the barn, without [the opposing party]"). Finally, in *Conte v. Jakks Pacific, Inc.*, 981 F. Supp. 2d 895 (E.D. Cal. 2013), amendment was sought *after* summary judgment filings, at which point the court would have had to reopen discovery. *Id.* at 909. This case, at its early stage, stands in stark contrast to the cases upon which Darfon relies.

Having found no evidence of futility, prejudice, bad faith, or undue delay, the Court finds that Lite-On's requested leave to amend should be granted.[2]

## III. CONCLUSION

The Court **GRANTS** Lite-On's motion for leave to file an amended counterclaim. Lite-On shall file its amended counterclaim within three days of the date of this order.

**IT IS SO ORDERED.**

Dated: 12/7/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Darfon separately argues that permitting amendment would undermine Judge Donato's decision not to relate this case to two others. Opp. at 3–4. Whether this case is or is not related to other cases does not change the "extreme liberality" with which courts must grant leave to amend in this circuit. *See Eminence Capital, LLC*, 316 F.3d at 1051.

3